UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

D. SCOTT MATTSON,
Plaintiff,
v.
JOHN DOE, et al.,
Defendants.

Case No.: 3:26-cv-06516-JLS-BJW

**ORDER GRANTING-IN-PART MOTION TO EXPEDITE DISCOVERY**

[ECF No. 3]

Plaintiff D. Scott Mattson, proceeding pro se, seeks expedited discovery to identify the person or persons allegedly responsible for unauthorized transfers of his cryptocurrency and obtain information concerning the disposition of those assets. (ECF No. 3.) On November 20, 2026, the district judge granted Plaintiff's request for a temporary restraining order, denied alternative service without prejudice, and left the request for expedited discovery to the undersigned. (ECF No. 8.)

For the reasons below, the Court grants in part and denies in part Plaintiff's request for expedited discovery. Plaintiff may conduct limited discovery to identify and locate Doe and obtain information bearing on Doe's citizenship when this action commenced. This authorization does not dispense with applicable requirements governing subpoena issuance, service, or compliance.

//

**I. Background**

Plaintiff alleges that an unknown person or persons obtained his cryptocurrency wallet recovery seed phrase through fraudulent telephone calls and a website impersonating his hardware-wallet provider. According to Plaintiff, the person or persons then transferred cryptocurrency from his wallets without authorization. (First Amended Complaint ("FAC"), ECF No. 6 ¶¶ 11–15.) Plaintiff alleges a loss of approximately $305,215 and identifies transactions that, according to his tracing, led to deposits at WhiteBIT and KuCoin. (*Id.* ¶¶ 14, 16–21.) He names those exchanges as relief defendants, alleging that they received or hold traceable assets or associated account records, but does not allege wrongdoing by the exchanges themselves. (*Id.* ¶ 2.)

Plaintiff alleges that he traced some of the cryptocurrency transferred from his wallets to two XRP deposits and two Ethereum deposits at WhiteBIT. (FAC ¶ 16.) According to Plaintiff, WhiteBIT advised him that the deposited cryptocurrency had been converted and transferred out of its platform before November 1, 2026. (*Id.* ¶¶ 6, 18.) Plaintiff also alleges that he traced two Bitcoin deposits totaling 1.49999383 BTC to a KuCoin deposit address and that KuCoin temporarily restricted the associated account through November 22, 2026. (*Id.* ¶¶ 19–21.)

Plaintiff invokes diversity jurisdiction. He alleges that he is a California citizen but that Doe's identity and citizenship are unknown. (*Id.* ¶¶ 4–5, 8.) The FAC identifies potential operating entities for WhiteBIT and KuCoin, together with physical and email addresses, but acknowledges uncertainty about the role of WhiteBIT's United States affiliate. (*Id.* ¶¶ 7A–7B.) The FAC states that its only amendment corrects the original complaint's description of Seychelles' participation in the Hague Service Convention.

Plaintiff seeks identifying information, customer-verification materials, IP and device information, balances, and transaction records. (ECF No. 3 at 3–4.) His proposed orders also request authorization to transmit subpoenas electronically.

The district judge has now restrained transfers of the specified cryptocurrency and traceable proceeds, directed Plaintiff to provide notice of that order, and set a preliminary-

injunction hearing for December 3, 2026. (ECF No. 8 at 11–13.) The district judge permitted electronic transmission of the TRO to provide actual notice, but denied without prejudice Plaintiff's request to serve the summons and complaint by alternative means. (*Id.* at 7–9.) The TRO remains effective until December 3, 2026, at 6:00 p.m., unless extended. (*Id.* at 12.)

## II. Legal Standard

Under Federal Rule of Civil Procedure 26(d)(1), a party generally may not seek discovery before the parties confer as required by Rule 26(f), except as otherwise authorized by the Rules, stipulation, or court order. Courts may authorize expedited discovery upon a showing of good cause. *Semitool, Inc. v. Tokyo Electron America, Inc.*, 208 F.R.D. 273, 275–76 (N.D. Cal. 2002). Good cause exists when the need for expedited discovery, considered in light of the administration of justice, outweighs the prejudice to the responding party. *Id.* at 276.

In assessing good cause, courts consider whether a preliminary injunction is pending, the breadth and purpose of the requested discovery, the burden of compliance, and how far in advance of ordinary discovery the request is made. *Rovio Entertainment Ltd. v. Royal Plush Toys, Inc.*, 907 F. Supp. 2d 1086, 1099 (N.D. Cal. 2012); *Jacobo v. Doe*, No. 1:22-cv-00672-DAD-BAK (BAM), 2022 WL 2079766, at *1 (E.D. Cal. June 9, 2022).

Although the use of Doe defendants is generally disfavored, a plaintiff ordinarily should have an opportunity through discovery to identify unknown defendants unless it is clear that discovery would not uncover their identities or that the complaint would be dismissed on other grounds. *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980); see also *Wakefield v. Thompson*, 177 F.3d 1160, 1163 (9th Cir. 1999).

In considering early discovery to identify an unknown defendant, courts examine whether the plaintiff has identified the defendant with sufficient specificity, described previous efforts to locate and identify the defendant, demonstrated that the action could withstand dismissal, and shown that the requested discovery is likely to produce identifying

information permitting service. *Columbia Insurance Co. v. seescandy.com*, 185 F.R.D. 573, 578–80 (N.D. Cal. 1999); *Jacobo*, 2022 WL 2079766, at *2.

**III. Discussion**

**A. Good Cause for Limited Identifying Discovery**

Plaintiff alleges that cryptocurrency was transferred from his wallets without authorization after an unknown person obtained his recovery seed phrase. He identifies particular transactions that, according to his tracing, led to deposits at WhiteBIT and KuCoin. (FAC ¶¶ 11–21.) Those allegations describe the conduct attributed to Doe with sufficient specificity to support a limited inquiry into the accounts allegedly credited with the identified deposits. Authorizing that inquiry does not independently establish the accuracy of Plaintiff's tracing or that any receiving account holder participated in the alleged theft.

Plaintiff has also described efforts to obtain identifying information without court-ordered discovery. He states that he opened three support requests with WhiteBIT and a support ticket with KuCoin. According to Plaintiff, WhiteBIT advised that it would disclose personal information and transaction details only in response to an appropriate request from a competent law-enforcement authority. KuCoin confirmed that an identified sweep wallet belonged to its platform but did not disclose the receiving account holder's identity. Plaintiff also reported the alleged theft to the FBI's Internet Crime Complaint Center, the U.S. Secret Service, and the San Diego County Sheriff's Office. He states that he met with an FBI agent on November 10, 2026, and received a November 14 response indicating that his corrected tracing supplement would be forwarded to investigators. Plaintiff represents that these efforts have not identified Doe. (FAC ¶¶ 6–7, 24; ECF No. 1-2 ¶¶ 2–3; ECF No. 1-3 ¶¶ 7–8.)

In granting the TRO, the district judge found that Plaintiff was likely to succeed on his conversion claim based on his allegations of ownership, unauthorized transfers, and resulting loss. (ECF No. 8 at 4–5.) That preliminary determination supports allowing targeted discovery to identify the person allegedly responsible. See *Jacobo*, 2022 WL

2079766, at *3 (relying on the court's earlier likelihood-of-success determination in assessing a request for identifying discovery).

Records identifying the holders and authorized users of the accounts credited with the specified deposits may help Plaintiff identify and locate Doe. Existing records bearing on citizenship may also assist in determining whether diversity jurisdiction existed when this action commenced. Permission to obtain that information is not a finding that diversity jurisdiction exists or that Plaintiff has otherwise established a basis for federal subject-matter jurisdiction. This Order makes no additional jurisdictional determination.

The purpose and timing of the request favor limited early discovery. Plaintiff has not identified the person allegedly responsible for the transfers, and waiting for ordinary discovery would not address his inability to identify and serve Doe. See *Gillespie*, 629 F.2d at 642. The district judge also denied alternative service on Doe without prejudice so that Plaintiff could pursue additional identifying and contact information before renewing that request. (ECF No. 8 at 7–9.) Targeted exchange discovery may advance those efforts.

In *JustM2J LLC v. Brewer*, No. 2:25-cv-00380-DAD-SCR, 2025 WL 435827, at *11 (E.D. Cal. Feb. 7, 2025), the court permitted expedited subpoenas to cryptocurrency exchanges, including WhiteBIT and KuCoin, for the names, street addresses, telephone numbers, and email addresses of owners and authorized users associated with specified destination addresses, while declining broader discovery into transactions and account-holder communications. Comparable identifying information tied to the deposits specified here may advance this case without requiring production of complete account files.

**B. Scope of Permitted Discovery**

The TRO and pending preliminary-injunction hearing support the need for prompt discovery, but do not dispense with the requirement that the requests be tailored to a demonstrated need. In *Jacobo*, the court considered expedited exchange discovery after granting a temporary restraining order in a cryptocurrency-theft action. 2022 WL 2079766, at *1, *3–4. The court found good cause to obtain identifying information to facilitate service of the action, the TRO, and an anticipated preliminary-injunction motion. *Id.* at *3.

It authorized immediate exchange subpoenas for the account owner's legal name, street address, telephone number, and email address, but declined broader requests for transaction records and communications because the plaintiff had not shown good cause for that additional discovery at the outset of the case. *Id.* at *4. Thus, even after granting injunctive relief, the court separately assessed—and limited—the scope of expedited discovery.

Plaintiff's reliance on *SingularDTV* does not require a different result. There, the court found good cause for expedited discovery "to identify Defendants and locate the stolen property" and authorized subpoenas to Google and Binance, including discovery to identify and locate the wallet addresses of current cryptocurrency holders. *SingularDTV, GmbH v. Doe*, No. 1:21-cv-06000-VEC, 2021 WL 3668161, at *1 (S.D.N.Y. Aug. 16, 2021). That order confirms that asset-location discovery may be appropriate on a sufficient showing; it does not establish that a request for injunctive relief automatically warrants complete customer-verification files, IP and device logs, balances, or account transaction histories. Likewise, *Isaac* observed that the plaintiff there had not sought injunctive relief, but did not hold that seeking such relief necessarily establishes good cause for broader discovery. *Isaac v. Defendant 1*, 2025 WL 3771276, at *5 (D.N.J. Dec. 30, 2025).

Other courts have authorized identifying information, KYC information, and account balances in the circumstances presented to them. See *Salem v. Defendant 1*, No. 2:24-cv-07079-JAK (RAOx), 2025 WL 1039396, at *1–2 (C.D. Cal. Jan. 22, 2025). The permissible scope is therefore not categorically confined to names and contact information. The question remains whether Plaintiff has shown good cause for the particular production requested here.

Plaintiff has established a present need for information identifying and locating Doe and bearing on Doe's citizenship when this action commenced. As in *Jacobo*, however, Plaintiff has not sufficiently demonstrated why the full range of additional account records he requests must be produced before ordinary discovery. The alleged departure of the WhiteBIT funds explains Plaintiff's interest in their onward destination, but does not,

without a more particularized showing, establish the necessity of the complete transaction histories, linked-account information, and other account materials requested.

The Court therefore permits confirmation of the account credited with each specified deposit, identifying and contact information for the associated account holders and authorized users, and any existing recorded citizenship declaration bearing on citizenship when the complaint was filed. Limiting discovery to the specified deposits and discrete information in existing account records reduces the burden on the recipients and limits disclosure of unrelated personal information. The request for broader expedited discovery is denied without prejudice to a more particularized showing of need.

**C. Authorization and Applicable Procedural Requirements**

Plaintiff's submissions identify UAB Clear White Technologies as WhiteBIT's global operator and list several entities associated with KuCoin. They also provide physical and email addresses and request permission to transmit subpoenas electronically. (FAC ¶¶ 7A–7B.)

The Court authorizes the limited expedited discovery described below without requiring another submission of proposed subpoenas. See *Jacobo*, 2022 WL 2079766, at *4; *SingularDTV*, 2021 WL 3668161, at *1. That authorization removes the timing restriction imposed by Rule 26(d)(1); it does not resolve the proper method of service, permissible place of compliance, or enforceability of a subpoena against a particular recipient.

The district judge permitted electronic transmission of the TRO to provide actual notice but did not authorize alternative service of the summons and complaint. (ECF No. 8 at 7–9.) That ruling does not resolve how a subpoena may properly be served. Plaintiff's request for blanket authorization to transmit subpoenas by email is denied without prejudice to a supported request identifying the proposed recipient and the legal basis for that method. No further showing of good cause is required for the limited expedited discovery authorized here.

//

**IV. Order**

For the foregoing reasons, Plaintiff's request for expedited discovery in ECF No. 3 is granted in part and denied in part as follows:

**1. Permitted purpose**

Plaintiff may conduct limited expedited discovery solely to identify and locate Doe and obtain information bearing on Doe's citizenship when the original complaint was filed.

**2. Specified deposits**

The permitted discovery is limited to identifying the customer account or accounts, if any, credited with the deposits identified below, which Plaintiff alleges are associated with the unauthorized transfers. The table below identifies the permitted subjects of discovery. Its inclusion in this Order makes no additional finding concerning the accuracy of Plaintiff's tracing, ownership of the entire amount of any deposit, or responsibility of any receiving account holder for the alleged theft, and does not alter the district judge's preliminary findings in ECF No. 8.

| Exchange | Destination Tag / Deposit Address | Funds | Amount |
|---|---|---|---|
| WhiteBIT | 3214965853 | XRP | 60,281[1] |
| WhiteBIT | 1587611258 | XRP | 60,590[2] |
| WhiteBIT | 0x0e82c0f5560ba5ec225772dea243d3668b9ddabb | ETH | 10.529609[3] |
| WhiteBIT | 0xf403b24c2b88fa05f3a33f22811f807effbaf631 | ETH | 4.572779[4] |

[1] in transaction 8FF9D1BDD708A80CA3CA7934A71BF9A80C9414F7880779E838AE387398496CD4, on October 29, 2026 at 01:11:10 UTC

[2] in transaction F892B2E37B8D731F98541D6C8F0728E92085F936899177F28B47FF05427COBIE, on October 29, 2026 at 01:42:21 UTC

[3] in transaction Ox2b6b03fe3b0acfbc8222b213c674a7284583e5df79200527174576ea40896efc, on October 29, 2026 at 01:29:59 UTC

[4] in transaction 0xff5c6a217374803fc938dd1141eebc1137f3f5b6c9d55f3fda0cld403411ec7f, on October 29, 2026 at 02:24:35 UTC

| | | | |
|---|---|---|---|
| KuCoin | 32QWU6bFzDgMKtcN5fJvN3bfkLXR9qDzwN | BTC | 1.49999383[5] |

Each subpoena must identify the applicable destination tag or deposit address listed above and reproduce the corresponding transaction identifier or identifiers specified in FAC paragraphs 16 and 19 and ECF No. 8 at 11–12, including the output number where specified in the FAC. The authorization does not extend to discovery concerning other deposits or unrelated activity involving the same address, including the later Bitcoin inflow disclaimed in FAC paragraph 20.

**3. Permitted information**

For each specified deposit, Plaintiff may seek only:

a. Information sufficient to confirm whether the deposit was credited to a customer account and identify that account by an internal account identifier;

b. The legal names, physical addresses, telephone numbers, and email addresses maintained for the account holders and authorized users associated with that account at the time of the deposit, together with any currently maintained contact information for those persons; and

c. Any existing recorded declaration of citizenship for those persons bearing on their citizenship when this action commenced, including the date of the declaration if maintained.

These requests may seek discrete information contained in customer-verification records, but may not demand complete customer-verification files or copies of identification documents. They do not require a recipient to investigate a person's citizenship or create a citizenship determination that does not already exist.

//

[5] reached KuCoin deposit address 32QWU6bFzDgMKtcNSfJvN3bfkLXR9qDzwN in two tranches: (i) 0.57000000 BTC as output O of transaction 8eb86dc27b40e3ecdb267a031a2047d80d6209e22b86881d772f425790eec6dl on October 29, 2026 at 17:03:54 UTC; and (ii) 0.92999383 BTC in transaction ac4fdf6769ada4bd7325580d7e04b492566613c17eea76ed92d4bd7504551883 on October 29, 2026 at 17:26:12 UTC.

**4. Broader discovery**

The request for other expedited discovery—including balances, broader transaction histories, onward-transfer information, IP or device logs, complete customer-verification or anti-money-laundering files, and records of other accounts linked through identity, devices, or funding sources—is denied without prejudice. The permitted requests may not seek Social Security numbers, full financial-account numbers, or other unrelated personal identifiers.

**5. Authorization to serve subpoenas**

Pursuant to Rule 26(d)(1), Plaintiff may issue and serve subpoenas under Rule 45 directed to the entities operating WhiteBIT and KuCoin that possess, have custody of, or control the records associated with the specified deposits. Each subpoena must identify the legal entity to which it is directed and must be limited to the information permitted above. Plaintiff must serve a copy of this Order with each subpoena. No further submission of proposed subpoenas or showing of good cause for this limited expedited discovery is required.

**6. Service, compliance, and objections**

This Order does not authorize service by email or another alternative method, dispense with applicable requirements governing issuance, service, or compliance, or determine that any particular entity is subject to this Court's subpoena power. All applicable objections and protections remain available to recipients and affected persons.

Plaintiff's request for blanket authorization to transmit subpoenas by email is denied without prejudice. Any renewed request for alternative subpoena service must identify the proposed recipient and method and provide the legal basis for the request.

This paragraph concerns subpoenas only. It does not restrict notice authorized or required by ECF No. 8 or modify the district judge's ruling concerning alternative service of the summons and complaint.

//

//

**7. Protection and use of personal information**

Information obtained through the discovery permitted by this Order may be used only to identify and locate Doe, address jurisdiction and service, and prosecute this action. Plaintiff must not publicly disclose account records or personal information obtained through that discovery except as necessary in this action and in compliance with applicable rules and orders. Any court filing containing such information must comply with Federal Rule of Civil Procedure 5.2 and applicable sealing procedures. This Order does not itself authorize filing any material under seal.

**8. Voluntary preservation requests**

Nothing in this Order precludes Plaintiff from requesting that the Exchanges voluntarily preserve records associated with the specified deposits. This clarification does not impose a records-preservation obligation on any recipient or determine the existence or scope of any otherwise applicable duty. It does not modify the asset-preservation obligations imposed by ECF No. 8.

**9. Matters not decided**

This Order makes no additional determination concerning subject-matter or personal jurisdiction. In particular, authorization to obtain information bearing on citizenship is not a finding that diversity jurisdiction exists or that the parties are diverse.

This Order also makes no additional finding concerning responsibility for the alleged transfers or the merits of Plaintiff's claims. It does not modify the district judge's preliminary findings, temporary restraining order, ruling on alternative service, or deadlines in ECF No. 8, and it imposes no additional asset-freeze or records-preservation requirement.

**IT IS SO ORDERED.**

Dated: November 20, 2026.

Hon. Brian J. White
United States Magistrate Judge